24CA1569 Peo v Sayed 09-25-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1569
Logan County District Court No. 15CR120
Honorable Stephanie M.G. Gagliano, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Hazhar A. Sayed,

Defendant-Appellant.

ORDER AFFIRMED

Division A
Opinion by JUDGE BERGER*
Román, C.J., and Graham*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 25, 2025

Philip J. Weiser, Attorney General, Trina K. Kissel, Senior Assistant Attorney
General and Assistant Solicitor General, Denver, Colorado

Hazhar A. Sayed, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, Hazhar A. Sayed, appeals the district court's order denying his most recent postconviction motion without a hearing. We affirm.

## I.    Background

¶ 2    The district court sentenced Sayed to three years in prison after a jury found him guilty of second degree assault and third degree assault. A division of this court affirmed the judgment of conviction on direct appeal. *See People v. Sayed*, (Colo. App. No. 17CA0847, Feb. 13, 2020) (not published pursuant to C.A.R. 35(e)) (*Sayed I*).

¶ 3    In 2020, Sayed filed a pro se Crim. P. 35(c) motion, in which he asserted various claims of ineffective assistance of trial and direct appeal counsel. The district court denied the motion without a hearing. Sayed appealed, and, as relevant here, added three new claims. He asserted that (1) trial counsel was ineffective because she had an actual conflict of interest; (2) appellate counsel was ineffective for failing to raise on direct appeal the issue of trial counsel's conflict of interest; and (3) appellate counsel was ineffective for failing to challenge the district court's error in failing to advise Sayed about trial counsel's conflict of interest. The

1

division affirmed the district court's order.  *See People v. Sayed,* (Colo. App. 20CA1527, Feb. 2, 2023) (not published pursuant to C.A.R. 35(e)) (*Sayed II*).  As to the three unpreserved claims, the division declined to address them because Sayed did not raise them in his postconviction motion before the district court.  *Id.* at ¶¶ 32-33.

¶ 4     Sayed then filed the postconviction motion at issue in this appeal.  In it, he reasserted the three claims that the division declined to consider in his prior postconviction appeal.  Sayed conceded that his motion was both untimely and successive.  However, he argued that he "should be allowed justifiable excuse or excusable neglect . . . due to ineffective assistance of counsel" and exceptions to the successive procedural bar contained in Crim. P. 35(c)(3)(VII)(a),(b), and (e) applied.

¶ 5     The district court denied Sayed's motion in a written order.  The court concluded that his motion was both untimely and successive and no exceptions to the applicable time or procedural bars applied.

2

## II.    Discussion

¶ 6    Sayed contends that the district court erred by denying his postconviction motion without a hearing.  Because we conclude that Sayed's motion was successive, we disagree.

### A.    Standard of Review

¶ 7    We review de novo the district court's denial of a motion for postconviction relief without an evidentiary hearing.  *People v. Cali*, 2020 CO 20, ¶ 14.

### B.    Analysis

¶ 8    Generally, a district court must deny any claim that was raised or resolved, or could have been presented, in a prior appeal or postconviction proceeding.  *See* Crim. P. 35(c)(3)(VI), (VII). Sayed's claims about his trial counsel's conflict of interest and his direct appeal counsel's ineffective assistance could have been raised in his prior Crim. P. 35(c) motion.  Therefore, his claims are successive, and the court correctly denied his motion on this basis.

¶ 9    Nevertheless, Sayed asserts that the claims raised in his motion fall under three exceptions to the rule barring successive postconviction motions — Crim. P. 35(c)(3)(VII)(a), (b), and (e).

¶ 10    Subsection (a) provides an exception for "[a]ny claim based on events that occurred after initiation of the defendant's prior appeal or postconviction proceeding."  Crim. P. 35(c)(3)(VII)(a).  But none of Sayed's claims involve events that occurred after the filing of his original Crim. P. 35(c) motion.  Instead, his claim that his trial counsel had a conflict of interest was based on events that occurred during a pretrial hearing, and his claim against direct appeal counsel was based on counsel's performance during his direct appeal, both of which occurred *before* the filing of Sayed's original Crim. P. 35(c) motion.

¶ 11    Next, subsection (b) provides an exception for "[a]ny claim based on evidence that could not have been discovered previously through the exercise of due diligence."  Crim. P. 35(c)(3)(VII)(b).  But the evidence that Sayed asserts is newly discovered — trial counsel's conflict of interest — is not newly discovered evidence under Crim. P. 35(c)(3)(VII)(b) because it is based on facts that occurred *before* his trial that he was present for.  Moreover, even assuming such evidence qualified under this exception, Sayed has not alleged why he could not have discovered trial counsel's conflict of interest and direct appeal counsel's failure to raise claims related

to the conflict, through the exercise of due diligence, before he filed his first postconviction motion.

¶ 12    Finally, subsection (e) provides an exception for "[a]ny claim where an objective factor, external to the defense and not attributable to the defendant, made raising the claim impracticable." Crim. P. 35(c)(3)(VII)(e). Sayed suggests that trial counsel's failure to make a record about her conflict "may" constitute an objective factor which made raising the claim impracticable. However, Sayed's conflict of interest claims were not based on new evidence and could have been raised in his first postconviction proceeding. This precludes a conclusion that objective factors made raising them impracticable until now.

¶ 13    Because Sayed's second postconviction motion was successive, and no exceptions apply, the district court properly denied it without a hearing. *See* Crim. P. 35(c)(3)(VII); *see also People v. Thompson*, 2020 COA 117, ¶ 44. Having so concluded, we need not address whether the district court properly denied Sayed's motion as untimely.

### III.    Disposition

¶ 14    The order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE GRAHAM concur.